IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| V. | § | |
| | § | No. 3:18-cr-128-N (2) |
| CLARO GONZALEZ PEREZ, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated October 29, 2018, United States District Judge David C. Godbey has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Claro Gonzalez Perez should not be detained under 18 U.S.C. § 3143(a)(2), and whether it has been shown by clear and convincing evidence that Defendant Claro Gonzalez Perez is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 103.

**Background**

Defendant is set for sentencing before Judge Godbey on January 7, 2019, *see* Dkt. No. 104, although Defendant has filed an unopposed motion for a 30-day continuance, *see* Dkt. No. 117.

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries

-1-

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion to Continue Pretrial Release, in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. Nos. 115 & 116.

The Court held a hearing on December 7, 2018 on the matters referred by Judge Godbey, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. No. 119.

At the hearing, Defendant's counsel confirmed that Defendant's presentencing release motion and supporting brief do not need to remain under seal, and so the Court

will not file this order under seal.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). *See* Dkt. Nos. 49, 51, 53, 58, & 103. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez,* 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus,

there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 364], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and

3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. According to Defendant, he "has demonstrated clear and convincing evidence he is not likely to flee or pose danger to any other person or to the community by following all conditions of pretrial of release and appearing at all required appointments and hearings, since May 18, 2018." Dkt. No. 115 at 2. As Defendant further explains in his brief in his support of his Motion to Continue Pretrial Release,

> [t]he first question to answer is whether Gonzalez can show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c).
> Gonzalez was found to meet this standard when he was granted pretrial release by Judge Bryan in the Southern District of Texas – Houston Division on May 18, 2018. Again, when Gonzalez appeared on June 5, 2018 in the Northern District of Texas – Dallas Division before this Honorable Court, he met the standard and was continued on pretrial release. This Court reviewed conditions of bond after Gonzalez's rearraignment and guilty plea on September 20, 2018 and again let him continue on pretrial release.
> Throughout Gonzalez's time on pretrial release he has been supervised by Mr. Flores. Flores has confirmed that while under his supervision, Gonzalez has attended regular meetings with him as required. Gonzalez has attended Second Chance Consulting & Outreach substance abuse classes and has submitted to urinalysis testing, resulting in negative results for the presence of unpermitted substances. No new offenses have been committed by Gonzalez nor did he have any case

pending at the time of his arrest, and he has presented himself timely in all court proceedings. Moreover, Gonzalez drives several hours to and from the Houston, Texas area to appear at the scheduled hearings because he has no means to miss work and stay overnight in Dallas, Texas for court. The dates Gonzalez has appeared for court while on pretrial release include the initial hearing in Houston, Texas, the initial hearing in Dallas, Texas, rearraignment and plea, and for the trial of Co-Defendant Lopez Jaimes. When subpoenaed by Lopez Jaimes' counsel to appear for that trial, Gonzalez drove to Dallas in the middle of the week to potentially be called to testify, driving back later the same day. Gonzalez has lived in the Houston area since 1997. Gonzalez's wife and children are all in Planterville, Texas. Gonzalez married Edith Bravo in Houston, Texas on March 31, 2001. They have three boys, Luis (age 16), Claro Jr. (age 15), Adan (age 10) and another unborn son due in April 2019. Gonzalez has little interaction beyond work and family obligations. Gonzalez is also required to maintain employment, which he has done diligently throughout the time in the instant case. James Construction Company, the employer for Gonzalez over the last two years, is also located in Plantersville, Texas although their work takes them throughout the area. Superintendent for the company, Austin Dollens, has promoted Gonzalez during his time with the company. Gonzalez is the sole income-earner for his family and works five (5) to six (6) days a week, often sixty (60) to seventy (70) hours per week.

 There is no danger to any other person or to the community by Gonzalez's continued pretrial release the remaining month until sentencing. Gonzalez has no history of violence and no criminal history indicating violent tendencies.

 Gonzalez has agreed to undertake any additional conditions of pretrial release, such as additional monitoring, to remain out until sentencing.

 Considering the factors laid out in 18 U.S.C. § 3142(g) and all the documents on record with the Court, Gonzalez has shown by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c).

Dkt. No. 116 at 6-8 (footnote omitted).

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that

showing, Defendant explains that

> [t]he second question to answer is whether Gonzalez can clearly show that there are exceptional circumstances under 18 U.S.C. § 3145(c) why he should not be detained under 18 U.S.C. § 3143(a)(2).
>
> Gonzalez is subject to mandatory detention under 18 U.S.C. § 3142(a)(2) because he has pled and has been found guilty in violation of 21 U.S.C. § § 846, 841(a)(1) and (b)(1)(C) Conspiracy to Possess with the Intent to Distribute a Schedule II Controlled Substance. The offense is one which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) 18 U.S.C. § 3142(f)(1). Gonzalez thus can be released pending sentencing if he clearly shows exceptional reasons why he should not be detained. 18 U.S.C. § 3145(c).
>
> Gonzalez is the sole earner of income for his household that includes his pregnant wife and three sons, aged 16, 15, and 10. He works five (5) to six (6) days a week, often sixty (60) to seventy (70) hours per week to try to make ends meet, but this has not proven enough in the last year. The most reliable vehicle Gonzalez and Bravo owned was repossessed after this incident, and the family will be losing their house to the bank at the end of the month. They do not currently know where they will reside beginning 2019. Gonzalez is laboring to find a new place for his family to live in Plantersville, Texas in the interim. Gonzalez has also been selling the livestock they own to find some income and facilitate their move.
>
> Gonzalez is a Legal Permanent Resident but will be deported after his sentence is completed. After twenty-one (21) years living in the area, this is the last Christmas and holiday season Gonzalez will likely ever be able to spend in the United States with his family and loved ones. Moreover, his wife has also been charged and pled to the same offense, albeit with an agreed minimal role adjustment, potentially leaving the children without both parents after sentencing. Given the difficulties of incarceration and distance, Gonzalez could be forever separated from his wife and children upon being taken into custody. As of now, there are no plans for the family to move to Mexico after Gonzalez is released from the custody of the Bureau of Prisons.
>
> Gonzalez would like to have his family settled in a new home prior to his being remanded into custody and before sentencing. The older boys are contemplating quitting school so they can help the family, and particularly their mother once their father is in custody, over adamant disapproval by their parents.
>
> Mr. Dollens has indicated that Gonzalez is an integral member of his crew with James Construction. Because Gonzalez has a commercial

> driver's license allowing him to operate heavy equipment and has the skills to build and put equipment together on site, he is unique amongst other crew members. The end of the year necessitates the business to limit the number of employees working, and a diverse employee such as Gonzalez is critical. Although Dollens does not have a suitable replacement for Gonzalez's current role, by the time Gonzalez is sentenced Dollens will have alternates hired for all positions.
> A totality of the facts urged by Gonzalez clearly demonstrate circumstances that rise to the level of exceptional circumstances why his detention would not be appropriate in this case.
> Gonzalez presents reasons, when taken in combination, that are clearly out of the ordinary, uncommon, or rare. Incarceration of Gonzalez until sentencing would not serve the ends of justice.

Dkt. No. 116 at 8-10.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.*

The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the

-8-

defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

Many of the facts that Defendant urges as exceptional circumstances, including his compliance with his conditions of pretrial release and his importance to his employer, are certainly commendable but would not, in and of themselves, present a

unique combination of circumstances giving rise to a situation that is out of the ordinary.

But the record also reflects that Defendant is working to secure housing for his family for the coming year, including when he will begin serving any prison sentence. With these additional facts, the Court finds that the totality of the facts that Defendant urges as exceptional circumstances are, taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary and in which Defendant's presentencing detention would not be appropriate.

**Conclusion**

The Court finds that Defendant Claro Gonzalez Perez has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under Section 3145(c) and that Defendant Claro Gonzalez Perez met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if he remains on release under 18 U.S.C. § 3142(c).

The Court GRANTS Defendant Claro Gonzalez Perez's Motion to Continue Release Pending Sentencing [Dkt. No. 115] and ORDERS that Defendant Claro Gonzalez Perez is to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 59], pending his sentencing before United States District Judge David C. Godbey.

SO ORDERED.

DATED: December 7, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE